IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN WANNAMAKER, ID # 299979, | ) | |
|     Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 3:14-CV-3873-K-BH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the case should be **DISMISSED** for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

On October 14, 2014, the Court received a letter from John Wannamaker (Petitioner), an inmate in the Mansfield Law Enforcement Center, that referred to his sentence in his prior criminal case, No. 3:05-CR-184-K, and questioned the reason for his current incarceration. (*See* doc. 3.) The letter was construed as a petition for habeas corpus relief under 28 U.S.C. § 2241 by order dated October 30, 2014. (*See* doc. 4.) By *Notice of Deficiency and Order* dated November 3, 2014, Petitioner was notified that he had neither paid the $5 filing fee nor submitted a motion to proceed *in forma pauperis* ("IFP"), and that he needed to complete and file a form petition under 28 U.S.C. § 2241. (*See* doc. 5.) He was ordered to file the § 2241 form, and to either pay the fee or file an IFP motion, within thirty days. (*Id.*) The notice specifically stated that a failure to comply with the notice could result in the dismissal of the petition for failure to prosecute or to follow court orders. More than thirty days from the date of that notice have passed, but Petitioner has not paid the fee, filed an IFP motion, filed a completed § 2241 form, or filed anything else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Here, Petitioner was given thirty days to either pay the filing fee or file an IFP motion, and to file a completed form, and the notice specifically warned that failure to comply could result in the dismissal of his petition. He still has not complied with the notice and order or otherwise responded. Because he failed to comply with the notice of deficiency and order within thirty days, his petition should be dismissed without prejudice for failure to prosecute or follow orders of the court.

## III. RECOMMENDATION

The petition should be dismissed under Fed. R. Civ. P. 41(b) without prejudice for want of prosecution or failure to follow orders of the court, unless Petitioner either pays the $5 filing fee or files an IFP motion, and files a completed § 2241 form within the fourteen-day time frame for objecting to this recommendation, or by some other deadline set by the Court.

**SIGNED this 5th day of January, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE